IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA PAOLI | : |
| Plaintiff, | : CIVIL ACTION No. 07-419 |
| v. | : |
| CITY OF LEWES, DELAWARE, LEWES POLICE DEPARTMENT, and BRUCE RITTER, | : |
| Defendants. | : |

## DEFENDANTS, CITY OF LEWES, LEWES POLICE DEPARTMENT AND BRUCE RITTER'S ANSWER TO PLAINTIFF'S COMPLAINT WITH SEPARATE DEFENSES

Defendants, City of Lewes, Lewes Police Department and Bruce Ritter, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respond to Plaintiff's Complaint as follows:

1. Inasmuch as this allegation within Plaintiff's Complaint constitutes a legal conclusion as opposed to factual allegations, no response thereto is necessary.

2. Inasmuch as this allegation within Plaintiff's Complaint constitutes a legal conclusion as opposed to factual allegations, no response thereto is necessary.

3. Denied. After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiff's Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

4. Admitted.

5. Admitted.

6. (Omitted from Plaintiff's Complaint).

7. Admitted.

8. Inasmuch as this allegation within Plaintiff's Complaint constitutes a legal conclusion as opposed to factual allegations, no response thereto is necessary.

9. Inasmuch as this allegation within Plaintiff's Complaint constitutes a legal conclusion as opposed to a factual allegation, no response thereto is necessary.

10. Inasmuch as this allegation within Plaintiff's Complaint constitutes a legal conclusion as opposed to a factual allegation, no response thereto is necessary.

11. Denied as pled. It is specifically denied that Answering Defendants were in any way negligent or engaged in any liability-producing conduct (including committing any violation of rights secured to the Plaintiff by the Constitution of the United States). It is further denied that any conduct on the part of Answering Defendants was the proximate cause of any injury or damages to the Plaintiff.

12. Denied as pled.

WHEREFORE, Answering Defendants hereby request that this Honorable Court dismiss Plaintiff's Complaint and award costs and fees in favor of Answering Defendants.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and Answering Defendants reserve the right to move for the dismissal of any and/or all of the allegations within Plaintiff's Complaint on this basis at any time prior to or during trial.

### SECOND SEPARATE DEFENSE

Defendants, Town of Lewes and Lewes Police Department, cannot be held liable for punitive damages as a matter of law and these Defendants reserve the right to move for the dismissal of these claims pursuant to Fed. R.C.P. 12 (b)(6) at any time prior to trial.

### THIRD SEPARATE DEFENSE

Answering Defendants breached no duty owed to Plaintiff.

### FOURTH SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable Statutes of Limitations.

### FIFTH SEPARATE DEFENSE

Plaintiff has shown no valid civil rights violations and therefore has failed to meet the statutory requirements of 42 U.S.C.S 1981, 1983, 1985, 1986 or 1988. Plaintiff has also failed to demonstrate the validity of jurisdiction under 28 U.S.C.S. 1927 nor under the Fourth or Fourteenth Amendments to the United States Constitution.

### SIXTH SEPARATE DEFENSE

If Defendants injured the Plaintiff as alleged in the Complaint, the Plaintiff was guilty of contributory and/or comparative negligence in that she failed to heed the advice given by the Defendants. This negligence on the part of Plaintiff contributed to the alleged injury of the Plaintiff.

### SEVENTH SEPARATE DEFENSE

If the Plaintiff was injured in any way it was not as a result of actions or in actions of Answering Defendants, rather that injury was the result of the Plaintiff's known assumption of the risk.

**EIGHTH SEPARATE DEFENSE**

As a Civil Rights Complaint, this Complaint is insufficient and therefore must be dismissed. The allegations of the Complaint are broad and conclusory and fail to state sufficient facts in support of its conclusions. In this Circuit, plaintiffs in Civil Rights actions are required to plead facts with specificity. *Negrich v. Horn*, 379 F.2d 213 (Third Circuit, 1967), see also *Rotolo v. Borough of Charleroi*, 522 F.2d 920 (Third Circuit, 1976).

**NINTH SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted under F.R.C.P. 12(b)(6).

**TENTH SEPARATE DEFENSE**

Plaintiff is liable to Defendants for sanctions under Rule 11 for bringing this frivolous claim. Answering Defendants herein demand damages in the form of costs pursuant to 28 U.S.C. 1928. No one after reasonable inquiry could form a reasonable belief that the pleading is warranted by the existing law, nor is there any good faith argument for the extension, modification or reversal of existing law. See, *Eavenson, Auchmuty and Greenwald v. Holtzman*, 775 F.2d 535 (Third Circuit, 1985). c.f. *Haines v. Kerner*, 404 U.S. 519, 92 Set. 594, 30 Led. 2nd 652 (1972).

**ELEVENTH SEPARATE DEFENSE**

Individual defendant hereby asserts the defense of qualified immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and subsequent decisions.

**TWEVETH SEPARATE DEFENSE**

Individual defendant asserts he has not violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the

exercise of good faith and, as such, enjoy not only qualified immunity, but a right not to go to trial as articulated in *Mitchell v. Forsyth*, 105 S.Ct. 2806 (1985).

### THIRTEENTH SEPARATE DEFENSE

Individual defendant asserts, in the alternative, either that under the facts alleged or to be developed that he was acting individually and within the confines or boundaries of qualified immunity or, alternatively, that to the extent that he is named in his official capacity, those claims should be dismissed. *Brandon v. Holt*, 469 U.S. 464 (1985); *Gregory v. Chechi*, 843 F.2d 111 (1988).

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages asserted against the individual defendant in his official capacity are barred by state and federal law. *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1987).

### FIFTHTEENTH SEPARATE DEFENSE

Even if it is judicially determined that the individual defendant acted negligently and violated clearly established law, he remains immune from the imposition of damages pursuant to *Daniels v. Williams*, 106 S.Ct. 662 (1986) and *Davidson v. Cannon*, 106, S.Ct. 668 (1986).'

### SIXTEENTH SEPARATE DEFENSE

It is averred that probable cause existed for the arrest of Plaintiff.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff was not subjected to the use of excessive force.

### EIGHTEENTH SEPARATE DEFENSE

It is averred that collateral estoppel and/or *res judicata* apply to bar litigation of issues formally adjudicated concerning Plaintiff's actions.

## NINETEENTH SEPARATE DEFENSE

It is averred that Plaintiff was prosecuted in good faith and without malice.

## TWENTYTH SEPARATE DEFENSE

Defendants herein assert all other defenses available to them under the Civil Rights Act of 1871.

## TWENTYFIRST SEPARATE DEFENSE

The Complaint as pleaded is in general language which fails to identify specific incidents and actions of Answering Defendants upon which a claim for relief may be grounded. (F.R.C.P. 12(b)6)).

 

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

Date: July 24, 2007

/s/ *Daniel A. Griffith*   DE ID No. 4209
DANIEL A. GRIFFITH, ESQUIRE (No. 4209)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4300
Email: dagriffith@mdwcg.com

\15_A\LIAB\DAGRIFFITH\LLPG\440776\HXRUSSO\15000\15000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CHRISTINA PAOLI, : | |
| : | |
| Plaintiff, : | CIVIL ACTION No. 07-419 |
| : | |
| v. : | |
| : | |
| CITY OF LEWES, DELAWARE, : | |
| LEWES POLICE DEPARTMENT, : | |
| and BRUCE RITTER, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Daniel A. Griffith, Esquire hereby certify that on the date indicated below a true and correct copy of Defendants, City of Lewes, Lewes Police Department and Bruce Ritter's Answer with Separate Defenses to Plaintiff's Complaint were forwarded to the below named addressee via U.S. Mail, postage prepaid and electronic filing:

Christina Paoli
P.O. Box 170
600 Third Street
Rehoboth Beach, DE 19971

        MARSHALL, DENNEHEY, WARNER,
            COLEMAN & GOGGIN

        */s/ Daniel A. Griffith, Esquire DE ID 4209*
        DANIEL A. GRIFFITH, ESQUIRE
        Delaware Bar I.D. No. 4209
        1220 N. Market Street
        P.O. Box 8888
        Wilmington, DE 19899-8888
        (302) 552-4300
        *Attorney for Defendants*

Dated: July 24, 2007

**JS-44** (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christina Paoli

### DEFENDANTS
City of Lewes, Delaware, Lewes Police Dpartment and Bruce Ritter

**(b)** County of Residence of First Listed Plaintiff: Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Sussex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Daniel A. Griffith, Esquire, 1220 N. Market St., Wilmington, DE 19899

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
[x] 440 Other Civil Rights

## V. ORIGIN
[x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983

Brief description of cause:
Wrongful Arrest – 4th Amendment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE ___  DOCKET NUMBER ___

DATE: July 24, 2007

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___