IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Christina Paoli                                                    Civil Action # 07-419 GMS

    Plaintiff,

                                                                                         December 6, 2007

    v.

City of Lewes, Delaware, Lewes
Police Department and Bruce Ritter

### Motion and Request for Leave

Plaintiff, Christina Paoli, pro se, respectfully requests permission to leave:

1. Due to medical issues. I have had several medical issues, some serious and some minor which have made it almost impossible to do the required research and complete a satisfactory amended complaint. (Medical info attached) Ex 3 + Ex 4

2. Properly amend complaint so it conforms with Local Rule 15.1. After receiving letter dated November 15, 2007, plaintiff responded using the attached information under "amended and supplemental pleadings". (Ex. 1) It was not the correct rule. I did send in a response prior to the due date. Several days later, plaintiff received the letter stating what was submitted did not conform to the rule. Now, plaintiff has the correct rule. (Attached as Ex. 2)

3. Plaintiff will be traveling to Port Ritchie, Florida from December 23, 2007 to January 21, 2008 to visit her brother, who is hospitalized. Plaintiff will be his caregiver after he is discharged from the hospital. His is expected to be discharged on December 22, 2007.

4. Defendant John Ritter, through his attorney, just filed a motion to leave a week ago. Plaintiff agrees and supports his request. Therefore, plaintiff's motion to amend should not detrimentally affect defendant in any way. I didn't receive the paperwork yet. I found out by phone. I support 3 month request. For the above mentioned reasons, plaintiff respectfully requests a leave until the end of February or early March of 2008.

If he requested a longer absence, I will respond when I read documents.

CP
12-7-0
Christina Paoli

                                                  Respectfully submitted,

                                                  *Christina Paoli*
                                                  Christina Paoli

I just spoke to Mr. Griffith, esq, attorney for Lewes. He does **not** oppose my request/motion for leave. 3:44 pm, Dec 7, 2007
Christina Paoli

Case 1:07-cv-00419-GMS    Document 14    Filed 12/10/2007    Page 2 of 7    Exh.

regoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

(d) SUPPLEMENTAL PLEADINGS. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

### 5.1 References

3 Moore's Federal Practice, Chapter 15.

2 Bender's Federal Practice Forms, Rule 15, Form No. 2231, et seq.

1 Moore's Manual-Federal Practice and Procedure, § 9.09.

1 Moore's Manual-Federal Practice Forms, Form No. 9:59.

### 5.2 History of Rule

Subdivisions (a) and (b) remain unchanged.

As originally promulgated, subdivision (c) consisted of what is now the first sentence. The balance of present (c) was added in 1966 to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted relates back. ¶¶ 15.01[8], [9], 15.15. For a com-

parable amendment dealing with the converse situation of the real party in interest plaintiff, see discussion under Rule 17, infra.

Subdivision (d) was amended in 1963 to state clearly that "Permission [to serve a supplemental pleading] may be granted even though the original pleading is defective in its statement of a claim for relief or defense." ¶¶ 15.01[6], [7], 15.16.

### 15.3 Relation Back of Amendments and the 1966 Amendments to Subdivision (c)

Rule 15(c) deals with relation back of amendments. The first sentence provides that "Whenever a claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth attempted to be set forth in the original pleading," the amendment relates back to the date of the original pleading." For reasons stated in ¶ 15.15[2], we believe that relation back is properly a question of federal practice under Rule 15(c), and the issue of whether an amendment relate back should not be determined by resort to state law even in a nonfederal action, but should be decided in terms of Rule 15(c).

While it is the general rule that an amendment which introduces an entirely new claim for relief will not relate back to the date of the original pleading, see *National Distillers & Chemical Corp. v. Brad's Machine Products, Inc.* (CA11th, 1982) 666 F2d 492, Rule 15(c) is not limited by "cause of action" concept, and an amendment which injects a new legal theory, within the scope of the original claim for relief, or adds another claim arising out of the transaction or occurrence set forth in the original pleading should relate back under the terms of Rule 15(c). ¶ 15.15[3].

Prior to the 1966 amendments, problems occurred under Rule 15 relative to relation back of an amendment, not changing the claim or nature of the relief sought, but changing the parties to the action. See 15.08[5], 15.15[4.—1]. The general rule was that Rule 15(c) did not apply to an amendment substituting or adding a new party or parties for the parties brought before the court by the original pleadings—whether the party sought to be substituted was a plaintiff or a defendant. ¶ 15.15[4.—1]. allow relation back in such a situation might defeat, for example, the purposes of the statute of limitations. On the other hand, amendments which merely seek to correct the misnomer or misdescription of a defendant where it is clear that the person before the court is the person plaintiff intended to sue, have been allowed to relate back to the date of bringing the action. ¶ 15.15[4.-1]. This is just, since the party intended to be sued has been informed of the action from the beginning. There is, however, a gray area between these two extremes, and it is with this area that the 1966

**RULE 15.1.  Form of a Motion to Amend and Its Supporting Documentation.**

A party who moves to amend a pleading shall attach the pleading as amended, and one copy, to the motion.  In addition, the motion shall include a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing materials to be deleted and underlining materials to be added.  Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. A failure to comply with this rule is not grounds for denial of the motion.  The amended pleading shall be deemed filed as of the date of an order allowing the amendment, unless the order otherwise provides.

*Source: Model Local Rule 15.1 with additions from former Delaware Local Rule 3.2G(2) and other revisions.*

**EXCUSE SLIP**

LEWES FAMILY PRACTICE, P.A.
J. K. BEEBE, M.D.   J. ERIC HALE, M.D.
ELISA MONTROSS-LOPEZ, M.D.
P.O. Box 786
Lewes, DE 19958
Telephone: (302) 645-2281

Date: 11-5-07

Please Excuse: Christina Paoli

FROM:  ☒ Work   ☐ School   ☐ P.E.
☐ Other _____

DUE TO:  ☐ Injury   ☒ Illness
☐ Other _____

From 10-31-07 to 11-12-07

Thank You,
J K [signature]

Ex 3

#13151 – Medical Arts Press  1-800-328-2170

Ex 4

## EXCUSE SLIP

**LEWES FAMILY PRACTICE, P.A.**
J. K. BEEBE, M.D.    J. ERIC HALE, M.D.    RAMA PERI, M.D.
ELISA MONTROSS-LOPEZ, M.D.
P.O. Box 786
Lewes, DE 19958
Telephone: (302) 645-2281

Date 12/7/07

Please Excuse Chris Pavlic

FROM:   ☑ Work    ☐ School    ☐ P.E.
☐ Other_____

DUE TO:   ☐ Injury    ☑ Illness
☐ Other_____

From 12/7/07 to 12/11/07   RTW

Thank You,

[signature] J. Eric Hale MD

#19151 — Medical Arts Press 1-800-328-2179

## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Christina Paoli                                    Civil Action # 07-419

    Plaintiff,

  v.                                                December 7, 2007

City of Lewes, Delaware, Lewes
Police Department and Bruce Ritter

### Certificate of Service

I, Christina Paoli, pro se hereby certify that I mailed a copy of the attached motion and request for leave on December 7, 2007 via U.S. mail, postage prepaid to :

        Daniel A. Griffith, Esq.
        1220 N. Market Street
        P.O. Box 8888
        Wilmington, DE 19899-8888
        302-552-4300

December 7, 2007                                   *Christina Paoli* (signature)
                                                            Christina Paoli

